Common Pleas Court of Hamilton County.

DOLORES SCHMITT V. CITY OF CHEVIOT, ET AL.

(Decided March 2, 1933.)

*R. T. Dickerson,* and *B. W. Heidkamp,* for plaintiff.
*R. E. Simmonds, Jr.,* for the city of Cheviot.

MATTHEWS, J.

This case now comes before the court upon the motion of the defendant, the city of Cheviot, to strike from the petition the following allegations:

"Carelessly allowed by said defendants to remain there, although they knew and should have known of its existence and the danger of its presence to patrons of said slide."

and also:

"The plaintiff says that said city was negligent and careless in not keeping said park and the slide and the ground thereunder in a safe condition for patrons of said park, including the plaintiff."

The argument has finally resolved itself into a contention that the plaintiff does not allege and the situation does not permit allegations that would show a liability on the part of the city of Cheviot.

The injuries were received in what was a public park with reference to which the city of Cheviot, under the terms of Section 3714, General Code, owed the duty of keeping it free from nuisance at the time the defective condition arose which caused the injury as alleged in the petition. At the time of the injury the defendant still owed a duty as between it and the other defendant to maintain said premises. By the provisions of the deed to the city of Cheviot from the other defendant, the other defendant reserved the use of the park for one day in each year, and it was on that day that the injury took place.

It seems to me that the disagreement between counsel upon the question of the liability of the city of Cheviot is based upon a distinction between liability from negligence and liability from a nuisance. Undoubtedly this defective condition in a public park constituted a public nuisance. In 20 R. C. L., at page 385, it is said:

"No doubt a nuisance is public if it affects the entire community or neighborhood, or any considerable number of persons. Furthermore, it undoubtedly is true that a nuisance is a public one if it occurs in a public place or where the public frequently congregate or where numbers of the public are likely to come within the range of its influence."

The cases on the subject of the liability of municipalities for nuisances are collected in an annotation to the case of *Hoffman* v. *City of Bristol*, 75 A. L. R., 191, and at page 1199 the annotator summarizes the majority rule in the following language:

"A majority of the courts which have passed upon the question have held that the immunity of municipal corporations from liability for acts done in the performance of governmental functions does not extend to cases of personal injuries or death resulting from a nuisance created or maintained by a municipality, and that a municipality is liable for such injuries, although the nuisance was created or maintained in the course of the discharge of public duties or governmental functions."

Section 3714, G. C., is a statutory intergration of this rule as to streets and public grounds in Ohio.

Stating the case most favorably to the city of Cheviot, therefore, it created this nuisance and then surrendered control of, or allowed the other defendant to use, the prem-

ises upon which the nuisance existed and still as to that defendant agreed to maintain the premises. In other words, having created the nuisance on premises which it controlled at the time, it never cast the duty upon any one else to abate the nuisance.

While the situation in this case is not identical with that of either Landlord and Tenant or Vendor and Vendee, it is analogous to both. The rule as to a grantor of premises upon which there is a public nuisance is stated in 20 R. C. L. page 392 as follows:

"While there are authorities to the contrary, it seems to be a general rule, established by most of the reported cases on the subject, that the creator of a nuisance does not, by conveying his property to a third person, release himself from liability for the continuation of the nuisance."

The continuing liability of the creator of a nuisance, notwithstanding the transfer of the premises, has been recognized in Ohio in the uniform tenor of the decisions on the subject. Counsel for the defendant relies strongly upon the case of *Marqua* v. *Martin,* 109 O. S., 56. It seems to me, however, that the court in its opinion expressly recognized the liability of the landlord in that case in the event the injury was occasioned by a nuisance created by the landlord. At page 58 the court says:

"That there is no liability on the part of such landlord to an invitee of the lessee, *unless such liability arises out of a failure to discharge a duty prescribed by statute,* has been clearly and definitely determined in this state."

This rule is stated in the text in 24 Ohio Jurisprudence under the heading of Landlord and Tenant, Section 206, as follows:

"Moreover, where the lessor at the time of the lease knew a nuisance existed on the premises, such as a contaminated well, he is liable to persons lawfully on the premises for injuries resulting therefrom, and he is not relieved of his liability by leasing the premises."

To the same effect is *Shindelbeck* v. *Moon,* 32 O. S. 264 and all the cases in which the question of the liability of the landlord has been determined. It is said that the case of *Ziegler* v. *Rice,* decided by our Court of Appeals on January 9, 1933, being No. 4180 upon the docket of that

court, is an authority to the contrary. We consider the case as recognizing 'the principle of liability upon the creator of a nuisance. In distinguishing that case from other cases the court says:

"Neither is it an action by a member of the public for maintaining a public nuisance. Under the law if the plaintiff had received her injuries through a public nuisance, the agreement by Ziegler to repair the steps would make him liable; likewise, in the case of a common way. There is no allegation in the petition of that character."

As we view this case upon the allegations of the petition it presents as against the city of Cheviot a case of an injury resulting from a nuisance created by that municipality which it had neither abated nor cast the burden upon any other agency to abate, and that therefore the petition states a cause of action against it, and the allegations which the defendant seeks to have stricken from the petition are essential parts of that cause of action.

For these reasons the motion to strike out is overruled.